(119 App. Div. 128)

### MEEHAN v. FLAHERTY, Sheriff.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

PLEADING—CONCLUSION OF LAW.

An allegation, in respect to plaintiff's right to hold an office, that he was duly appointed to that office, is a conclusion of law, rather than a statement of fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 26.]

Appeal from Special Term, Kings County.

In the matter of the application of Patrick F. Meehan for a writ of mandamus against Michael J. Flaherty, as sheriff. From an order granting a peremptory writ, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

H. F. Cochrane, for appellant.

Sanders Shanks, for respondent.

HOOKER, J. This is an appeal from an order granting the relator's application for a peremptory writ of mandamus commanding the sheriff of the county of Kings forthwith to reinstate him to the position of assistant deputy sheriff in his office. The relator was removed without an opportunity of making an explanation, and the grounds of his removal were not entered upon the records of the department of the office in which he had been employed, nor was a copy thereof filed with the state civil service commission. The relator claims upon this appeal that he held a position in the classified civil service and subject to competitive examination, and was entitled before his removal, under the provisions of section 21 of the civil service law (chapter 370, p. 809, Laws 1899), to an opportunity of making an explanation, and to have the grounds of his removal entered upon the records of the department, and a copy filed with the state civil service commission.

It is necessary that the relator show in his petition that he held his position lawfully and had passed the examinations required to make his appointment legal; for, if he had not done so, he was an officer de facto only, and had no title to the position. People ex rel. Hanna v. Board of Health, 153 N. Y. 513, 47 N. E. 785. The only allegation in respect to his right to hold the office is that on "the 1st day of January, 1903, your petitioner was duly appointed to the position of assistant deputy sheriff by the then sheriff of the county of Kings," was assigned to duty, and immediately entered upon a discharge of the duties of his position, and continued therein continuously up to the 1st day of January, 1906. The only allegations of the relator's affidavit or petition, which are taken to be true, are the allegations of fact that are undisputed, and any allegation contained therein which is a mere conclusion of law should not be considered. People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; Knapp v. City of Brooklyn, 97 N. Y. 520. And, inasmuch as the answering affidavits dispute the initial right of the relator to hold the office, observance of this rule is

important. The statement that the relator was duly appointed is a conclusion of law, rather than a statement of fact.

The order appealed from should therefore be reversed, with costs. All concur; JENKS, J., however, being of the opinion that the court could and should have granted an alternative writ.