## CULP v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

EVIDENCE (§ 83*)—PRESUMPTIONS—OFFICIAL ACTS.

City Charter of Greater New York, § 383 (Laws 1901, c. 466), authorizes the commissioner of public works, in the absence of the president of the borough or at the request of the president, to discharge the duties of president. A contract for the construction of sewer basins contemplated that the sheathing required in the work would be removed by the contractor. The city officers purchased the sheathing because they deemed it advantageous to keep the same in place, and a certificate of necessity was signed by the commissioner of public works. *Held*, in an action by the contractor for the value of the sheathing, that the court would presume that the commissioner of public works was properly authorized to make the certificate, and the burden was on the city to prove want of authority.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Ernest M. Culp against the City of New York. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

William L. Bowman, for appellant.

Clarence L. Barber (Theodore Connoly, on the brief), for respondent.

THOMAS, J. The parties contracted for the construction of sewer basins by plaintiff at prices related to the several elements of the work. The contract was performed, and the plaintiff paid; but the performance of the work required certain sheathing, and the contract contemplated that its fulfillment would either allow or permit the removal of sheathing. Defendant's officers deemed it advantageous to keep in place certain sheathing, although they recognized plaintiff's right to withdraw it, and proper official action was taken to purchase it on behalf of the defendant at the sum of $522.92. The certificate, known as the certificate of necessity, was signed by the commissioner of public works, rather than by the president of the borough, and, in an action brought to recover for this material, the defendant, among other things, objected that the certificate was improperly executed, and the complaint was dismissed.

Section 383 of the charter provides that the commissioner of public works, in the absence, or illness, of the president of the borough may discharge all the duties of such president, and also that the powers and duties imposed upon the president may be exercised by the commissioner of public works "upon the request of said president," or, if such commissioner shall not have been appointed, then such powers and duties may be exercised "by any subordinate duly appointed by the president of said borough under the powers conferred upon him by this act, and duly designated thereto in writing; and such powers and duties when exercised or performed by such commissioner of public works or other appointee shall be regarded as having been exercised or performed by such president in the same manner as if such powers and duties had been actually exercised or performed by such president personally." It will be observed that the commissioner of public works acts for the president upon his request or in case of his absence or illness without formal designation, and by the force of the statute, and that the appointee is enabled only by an instrument in writing. The plaintiff, solicited by the defendant's officers to sell the sheathing in question, found the evidences of such official action as the statute requires to justify him in selling the property to the city, in consideration of its promised payment therefor. When, however, he came to court, the defendant, in the enjoyment of his property, would escape payment by insisting that the burden was upon him to make his way back through the transaction and discover that at the time and for the purpose in question the president requested the commissioner to act for him, or that perchance the president was

absent, or maybe ill. The rights of a citizen contracting with the city do not rest upon such uncertain basis. The statute gives the commissioner the power. The occasion for its exercise depends upon the request of the president, made it may be informally and orally, or upon the condition of the president's absence for the moment, or his physical incapacity or indisposition. Whatever convenience or necessity within the intention of the statute occasioned the exercise of the power by the commissioner is quite within the probable knowledge of the defendant's officials, and beyond convenient ascertainment by the plaintiff. What was done the statute authorized the commissioner to do. The presumption is that he did not usurp a function, but rather that he did his duty and kept within the power conferred by the statute. If it was done without the statute, let the defendant make proof of it. Presumptively the defendant owes the amount stipulated to be paid by it through its officials.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.