to be satisfied that relator has a clear legal right to his position. It is enough if issues of fact appear which, being resolved in relator's favor, will give him that right. Even under the loose pleadings, all of which fail to state directly whether a labor list was or was not kept, I think the order of alternative mandamus should be affirmed.

In the Matter of the Application of E. A. MIXER and Others, Appellants, for a Judicial Determination of Questions Arising under a Petition Requesting a Referendum against the VILLAGE OF FRANKFORT and Others, Respondents.*— Order reversed on the law, with costs, and order granted in accordance with the petition praying for dismissal of the referendum petition and also enjoining the village clerk from proceeding with referendum, with costs, on the ground: 1. That the contract to purchase the engines and equipment does not constitute a proposition to establish or acquire a lighting system, and 2. That the contract for the purchase of said engines and equipment contravenes the Village Law and is invalid. (See two companion cases decided herewith, *ante*, p. 753; *post*, p. 758.) All concur, Thompson, J., on the first ground stated only; Crosby, J., on the second ground stated only.

BRIAN J. KELLY and Another, Respondents, v. C. LESTER MERRY and Others, as Trustees of the Village of Frankfort, Herkimer County, N. Y., and Others, Appellants.†— Order affirmed, with ten dollars costs and disbursements. See memorandum and dissenting opinion filed in companion case last above. [See *Utica Gas & Electric Co.* v. *Merry, ante*, p. 753.] All concur, except Thompson, J., who dissents and votes for dismissal of the complaint.

LILLIAN F. CHAPMAN, as Administratrix, etc., of RUSSELL B. CHAPMAN, Deceased, Respondent, v. WALTER THOMPSON and Another, Defendants, and JOHNS-MANVILLE CORPORATION and Another, Appellants.‡— Judgment and order affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal on the law and for granting a new trial upon the ground that the trial court erred in not charging defendants' request that neither defendant was under any obligation to erect signs advising of the installation of the asphalt plank and also defendants' request that no higher duty rested upon the defendants in respect to the condition of the pavement and the asphalt plank than rested upon the State and its highway officials.

WALTER THOMPSON and Another, Respondents, v. RUSSELL D. CHAPMAN, Defendant, and JOHNS-MANVILLE CORPORATION and Another, Appellants.‡— Judgment and order affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal on the law and for granting a new trial upon the ground that the trial court erred in not charging defendants' request that neither defendant was under any obligation to erect signs advising of the installation of the asphalt plank and also defendants' request that no higher duty rested upon the defendants in respect to the condition of the pavement and the asphalt plank than rested upon the State and its highway officials.

CHRISTIAN SAUTTER, JR., Respondent, v. JOHN C. FULMER and Others, Appellants.§— Judgment modified by confining the recoveries against the defendants other than John C. Fulmer to the amounts received respectively by such defendants or held by Fulmer for their proportionate account and as modified affirmed,

---

* Motion to dismiss appeal denied, 263 N. Y. 567.

† Revd., 262 N. Y. 151. ‡ Affd., 262 N. Y. 598. § Affd., 262 N. Y. 700.