In the Matter of the Application of WILLIAM SCAHILL, Respondent, for an Order of Mandamus against VALENTINE F. DRZEWUCKI and Others, as Members Comprising the Board of Education of the Union Free School, District No. 6 of the City of Lackawanna, Otherwise Known as the Board of Education of the City of Lackawanna, Erie County, New York, Appellants.

Fourth Department, May 8, 1935.

*John J. Sullivan* [*Albert M. Kraus* of counsel], for the appellants.

*Everette H. Hunt* [*John H. Clogston* of counsel], for the respondent.

LEWIS, J.  The petitioner, William Scahill, seeks by mandamus to compel the board of education of the city of Lackawanna to reinstate him as school mechanic in the local public school system, from which position he was discharged January 15, 1934, after eleven years of continuous service.  The resolution of the board of education which directed his dismissal preferred no charges and afforded him no hearing.  The petitioner is not a veteran or volunteer fireman.

In support of its summary dismissal of the petitioner the board of education contends that the position of school mechanic is within the competitive class of the classified civil service and is subject to the Civil Service Law and regulations which, it is claimed, required that a legal appointment to such a position could only be made after a qualifying examination.  As the petitioner concededly was appointed without an examination it is argued his rights are only those of a *de facto* employee and accordingly the board of education was within its legal rights when it directed his dismissal without a hearing.  There is authority for that position, provided the petitioner was only a *de facto* appointee. (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513, 519, 520; *Matter of Meehan* v. *Flaherty*, 119 App. Div. 128; *Matter of Walsh* v. *Patterson*, 239 id. 757.)   We believe, however, the record before us points to the conclusion that on the day of his discharge the petitioner was serving by appointment *de jure* and that his dismissal, without a hearing, was illegal.

Our decision must turn upon the question whether a qualifying examination to test petitioner's fitness for the position of school mechanic was a prerequisite to a legal appointment.  The civil service provision of the Constitution of this State was adopted in 1894.  It now provides:

Article V, § 6.  " Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including

cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, any honorably discharged soldiers, sailors, marines or nurses of the army, navy or marine corps of the United States  *  * · *  who are citizens and residents of this State  *  *  *, shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made.  Laws shall be made to provide for the enforcement of this section."

The reiteration of the phrase " so far as practicable " in connection with the requirement of an examination as a test of fitness for civil service indicates that the framers of this fundamental provision regarded the practicability of a qualifying examination a matter for determination by those officers who would administer the Civil Service Law.  Our courts have so construed it.  The point was discussed in *People ex rel. Sweet* v. *Lyman* (157 N. Y. 368). In that case the chief question reviewed was whether the recently adopted civil ·service amendment to the Constitution had made a qualifying examination the only test of merit and fitness thereby excluding the test afforded by a probationary period of employment. In the course of an extended discussion of this question the prevailing opinion states: " The Constitution provides that to an extent those questions [qualifications] are to be determined by an examination, but it is obvious that it was understood at that time that it would be impracticable to fully determine the merit and fitness of an employee or appointee by a mere examination, whether competitive or otherwise.  *  *  *  The Constitution plainly implies that other methods and tests are to be employed when necessary and calculated to fully ascertain the merit and fitness of the applicant.  If a probationary term or other method is necessary to enable the appointing officer to fully or correctly ascertain the merit and fitness of the applicant, the plain and clear intent of this provision is that it shall be employed " (p. 376).  " While it is true that under the Constitution the merit and fitness of an applicant for appointment in the civil service of the State or its civil divisions are to be ascertained, in part at least, by an examination, competitive or otherwise, *except in cases where such an examination would be wholly ineffectual to determine those questions,* still, even in cases where an examination may be had, it is to control only so far as merit and fitness may be ascertained by a mere examination " (p. 377).  " It seems apparent that what was intended by this provision of the Constitution was that merit and fitness should be the basis of appointments of public officers and

employees, and that those qualities should be ascertained and determined, so far as they could be practicably, by such an examination, but that other and further methods should be employed when necessary to secure efficiency of service" (p. 380). "We think there are two classes of cases where the question of practicability arises; one, *where the place is such that no examination can be had because the questions of merit and fitness for the particular place cannot be reached in that way,* and the other, where an examination may be had, but different and additional tests will tend to secure an improved service by more accurately determining these questions" (p. 382). "If the words ' so far as practicable ' do not apply to a case where the real merit and fitness of an appointee are sought to be determined by other methods which are surer and will more accurately determine those questions, then they have no meaning" (p. 383).

We interpret the decision in the case last cited as a ruling that the question whether fitness for civil service shall be tested by examination alone is to be determined by those public boards or officers designated by the Legislature to administer the Civil Service Law. Applying that rule to the record before us we find proof of a fact which is an important and distinguishing feature in this case, viz., that the State Civil Service Commission " for reasons decided by it, held that it was *impractical* to give examinations and qualify the administrative personnel of such Boards of Education and that no examinations for any administrative positions have been held." There is also proof that the civil service commission of the city of Lackawanna had never held an examination for the position of school mechanic.

We may agree with the board of education's contention that the position of school mechanic falls within the competitive class of the classified civil service. As to that classification the Civil Service Law provides: " § 9. * * * All appointments or employments in the classified service, except those of veterans * * * shall be for a probationary term not exceeding the time fixed in the rules." A probationary term of three months is fixed by rule XII which also provides that " if the conduct, capacity and fitness of the probationer are satisfactory to the appointing officer, his retention in the service after the end of such term shall be equivalent to his permanent appointment." The record is silent as to any dissatisfaction with the quality of petitioner's service during his entire tenure of the position from which he has been dismissed.

The fact that upon his appointment in 1922 petitioner did not take an open, competitive examination under the Civil Service Rules (Rule IV, subd. 2, or rule VIII) was through no fault of his

own but rather was it due to the determination by the civil service authorities that such a test of fitness was not practical and accordingly no examination was afforded. There was no legal or equitable justification for summarily dismissing the petitioner as a *de facto* appointee solely because he failed to take an examination which had never been made available to him. Such a ruling, in effect, would penalize him to-day for having failed eleven years ago to take appropriate legal proceedings to require the civil service authorities to test his fitness by a qualifying examination which, as administrative officers, they had determined to be impracticable.

Under the circumstances disclosed by the record we believe the petitioner may invoke the rule that a public board or officer exercising an official function will be presumed to have proceeded regularly. (*People* v. *Fisher*, 223 N. Y. 459, 464; *Ramsay* v. *Hayes*, 187 id. 367, 370; *Mandeville* v. *Reynolds*, 68 id. 528, 534; *Culp* v. *City of New York*, 146 App. Div. 326, 328; *Burke* v. *Kaltenbach*, 125 id. 261, 263.) The presumption in this instance favors petitioner's appointment *de jure* in 1922.

It follows that having been legally appointed he is entitled to the rights and benefits afforded by section 872, subdivision 2-a, of the Education Law which provides: " Clerks, * * * janitors, custodians, custodian-engineers, and all other administrative employees of a board of education, unless otherwise provided in this chapter, shall be appointed for a probationary period provided in the civil service law and regulations based thereon. The service of a person appointed to any of such positions may be discontinued by the board of education at any time during such probationary period. *Such persons and all others employed in the administrative service of the board of education who have served the full probationary period shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for cause after a hearing by the affirmative vote of a majority of the board.*"

The order of alternative mandamus from which appeal is taken should be affirmed, with costs.

All concur, except SEARS, P. J., and THOMPSON, J., who dissent and vote for reversal on the law and dismissal of the petition in an opinion by SEARS, P. J. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

SEARS, P. J. (dissenting). The petitioner held a position, that of a school mechanic in the civil service of the State. The basic question is whether the position was held by petitioner legally or whether because of absence of compliance with constitutional and

statutory provisions the position was held only *de facto*. According to the prevailing opinion the petitioner held his position legally. It is my view that the position was held only *de facto*.

The civil service provision of the State Constitution, article V, section 6, is all-embracing and self-executing. (*People ex rel. McClelland* v. *Roberts*, 148 N. Y. 360.)

Petitioner's position was unquestionably in the classified service and in the competitive class. (Civil Service Law, §§ 2, 9, 14.) The Civil Service Commission has not attempted to place the position in the non-competitive class. It can scarcely be questioned that merit and fitness as qualifications for such a position are capable of ascertainment by examination.

If the petitioner's appointment was not in accordance with the constitutional provision he was not legally occupying his position, and so far as the Civil Service Law is concerned, was subject to removal at will. (*People ex rel. Hannan* v. *Board of Health*, 153 N. Y. 513; *Matter of Walsh* v. *Patterson*, 239 App. Div. 757.) Although the petitioner held the position for almost a dozen years, it appears that he was appointed without examination. The words of the Constitution are explicit. "Appointments and promotions in the civil service * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which so far as practicable, shall be competitive."

In the prevailing opinion it seems to be stated that appointments may be made legally without merit and fitness being ascertained by examination, if the examining body finds it impracticable to hold such examinations. I do not so read the Constitution. I take it that the words " so far as practicable " relate to the practicability of *ascertaining* merit and fitness for the position by examination and in no way to the convenience of those holding examinations. I find nothing in *People ex rel. Sweet* v. *Lyman* (157 N. Y. 368) to support the view that examinations may be dispensed with as a prerequisite to appointment at the will of the examining officials, if such officials state that they find it impracticable to give such examinations. The Constitution does recognize that cases will occur where merit and fitness for a position are not *ascertainable* by examinations, in which cases examinations may be dispensed with. (*People ex rel. Schelpp* v. *Knox*, 48 App. Div. 477; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444.) A statutory provision for a probationary period in addition to an examination as a means for ascertaining merit and fitness is recognized as within the constitutional provision. (*People ex rel. Sweet* v. *Lyman, supra.*) The constitutional provision, however, may not be set aside by the Civil Service Commission by a mere statement of

impracticability of giving examinations in a single instance or in a great department. Even where the Civil Service Commission by an order puts a position in the exempt class so that it may be filled without competitive examination, the Commission's action is subject to judicial review. (*Matter of Keymer*, 148 N. Y. 219; *Chittenden* v. *Wurster*, 152 id. 345; *People ex rel. Schau* v. *McWilliams*, 185 id. 92.) The petitioner, therefore, in my opinion, not having been appointed after proving his qualifications as to merit and fitness by examination, occupied his position as a *de facto* rather than a *de jure* employee of the State.

The petitioner founds his claim to reinstatement upon section 872, subdivision 2-a, of the Education Law which is quoted in the opinion of the court. I am in agreement with what seems to be the opinion of the majority that this section is applicable only to persons holding their positions legally. (*People ex rel. Hannan* v. *Board of Health, supra.*) The section refers to appointments for a probationary period provided in the Civil Service Law and affords to persons holding the positions there specified an immunity from discharge except for cause and after a hearing. The petitioner is not entitled to the protection of this particular enactment because of his failure to establish a legal right to his position under the provisions of the Constitution and the Civil Service Law.

The order of alternative mandamus should be reversed on the law, with costs, and the petition dismissed.

THOMPSON, J., concurs.

Order affirmed, with costs.