■ In the Matter of JON K. HOLCOMBE, as District Attorney of Onondaga County, Respondent, v EDWARD J. GUSTY, as Commissioner, Department of Personnel, County of Onondaga, et al., Intervenors-Appellants.— Judgment unanimously affirmed, without costs. Memorandum: The question presented is whether it was arbitrary to classify investigators in the Onondaga County District Attorney's Office in the "competitive" class of the Civil Service. In an article 78 proceeding Special Term concluded that it was arbitrary. We agree. The statutory framework of the Civil Service Law provides for classified and unclassified service, (Civil Service Law, § 35). The classified, with which we deal here, is divided into four classes: "exempt", "non-competitive", "labor" and "competitive" (Civil Service Law, § 40). Section 6 of article V of the New York State Constitution states: "Appointments and promotions in the civil service of the state and all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained as far as *practicable,* by examination which, as far as *practicable,* shall be competitive" (emphasis supplied). The "exempt" classification is provided for "all other subordinate offices or positions for the filling of which competitive or non-competitive examination may be found to be not *practicable"* (Civil Service Law, § 41, subd 1, par [e]), and for "all positions that are not in the exempt class or the labor class and for which it is found by the commission having jurisdiction to be not *practicable* to ascertain the merit and fitness of applicants by competitive examination" (Civil Service Law, § 42, subd 1; emphasis supplied). Finally, authority is vested in each municipal civil service commission to prescribe suitable rules for effectuating the purposes of section 6 of article V of the

New York State Constitution including rules for the jurisdictional classification of the offices in the classified service (Civil Service Law, § 20, subd 1). The fundamental rule underlying this constitutional provision is that "there shall be competitive examinations for all civil service appointments. Exemption is the exception, not the rule. Wherever it is practicable to do so the Legislature and the commissions appointed by it, shall provide for competitive examination" *(Matter of Friedman v Finegan,* 268 NY 93, 96). Authority to place a position in the "exempt" category exists only where it is found that neither a competitive nor a noncompetitive examination is practicable (Civil Service Law, §§ 41, 42). Such a determination, based upon an appraisal of the duties of the position, is for the local agency to determine and should not be disturbed by the court merely because it may differ from the commission as to the wisdom of the classification *(Matter of Rooney v Rice,* 274 NY 347). Ordinarily, however, the test is based on whether the incumbent occupies a confidential or personal relationship to the appointing officer *(Chittenden v Wurster,* 152 NY 345), or whether the confidential character of a position is such that the importance of personal qualities cannot be measured by any objective standard. *(Matter of Meenagh v Dewey,* 286 NY 292, 307). District Attorney investigators are police officers whose duties involve work of a highly confidential and sensitive nature. In such efforts, the District Attorney must have personnel directly accountable to him, privy to his confidence and enjoying his unquestioned trust. Implicit in this kind of relationship must be authority in the appointing officer to remove and replace investigators at such times and under such circumstances as he deems necessary. From this record it appears that the local civil service agency classified these investigators in the competitive class without regard to the functions and duties entailed in the position. A district attorney's investigator occupies a close personal relationship to his appointing officer. The discharge of his duties are of a confidential nature that require of him personal characteristics not measurable by any objective standard. In our view, the determination made by respondents overlooks the unique nature of the district attorney's function in our criminal justice system and fails to consider the sensitive and truly confidential character of a criminal investigator working under his aegis and, therefore, respondents' classification of district attorney's investigators in the "competitive" class of the civil service was an arbitrary one. (Appeals from judgment of Onondaga Supreme Court granting petition in article 78 proceeding to place positions in exempt classification.) Present.—Marsh, P. J., Moule, Cardamone, Mahoney and Witmer, JJ.