■   In the Matter of GILBERT WOLMART et al., Appellants, v NEW YORK CITY CIVIL SERVICE COMMISSION, Respondent.—Judgment, Supreme Court, New York County, entered on October 22, 1975, affirmed, without costs and without disbursements, for the reasons stated by Hughes, J., at Special Term. Concur—Murphy, J. P., Lupiano and Lane, JJ.; Silverman, J., dissents in the following memorandum: In this article 78 proceeding, petitioners, "case aides" serving as provisional "case workers" in the New York City Department of Social Services, request that a promotional examination be held for promotion to the position of case workers. Petitioners have been thus provisionally employed since January 1, 1974, i.e., 21 months at the time of the judgment of Special Term and over three years at the present time. The State Constitution (art V, § 6) requires: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". Implementing this constitutional mandate subdivision 2 of section 65 of the Civil Service Law provides: "Time limitation on provisional appointments. No provisional appointment shall continue for a period in excess of nine months. The civil service department shall for competitive positions within its jurisdiction, and a municipal civil service commission shall for competitive positions within its jurisdiction, order a civil service examination for any position held by provisional appointment for a period of one month and such department or commission shall conduct a civil service examination, or see that such an examination is conducted, as soon as practicable thereafter, in order to prevent the provisional appointment from continuing for a period in excess of nine months". In *Matter of Booker v Reavy* (281 NY 318, 321), the Court of Appeals said: "No rule of a Commission or disapproval by the Governor can stand in the way of filling such positions by competitive examination when they are now occupied by those who have not passed such an examination. Of course, the time and the place and the conditions under which such examinations will be held are largely in the discretion, as they must be, of the Civil Service Commission, with which discretion the courts are loath to interfere." Where, as here, the jobs have been filled by provisional appointees for three years, I think we are past the outermost boundaries of the commission's discretion. The reason advanced by respondent for not holding the examination is the city's fiscal crisis. I cannot see what the city's fiscal crisis has to do with the case. We are not concerned with creating positions, permanent or temporary, or increasing the salaries for positions, or filling or not filling vacancies. The jobs exist; they are actually filled by provisionals. The only question is whether the jobs shall be held by provisionals or by employees who have passed the competitive examination. In accordance with the constitutional and statutory mandates, the commission should hold a competitive examination so that—to the extent that the city wishes the jobs to be filled at whatever salaries and for whatever period—the jobs can be filled by employees chosen by competitive examination in accordance with the State Constitution. I express no opinion as to whether the examination should be an open competitive one or a promotional one. The order should be reversed and petition granted to the extent of directing the New York

City Civil Service Commission to schedule and hold a competitive examination, open competitive or promotional, for the position of case worker in the city's Department of Social Services now held by provisional employees.