◼ In the Matter of ROBERT W. DAMINO, Appellant, v COUNTY OF NASSAU, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit respondent from hiring Allen Reichman, M. D., as Medical Director of the Department of Mental Health, Nassau County, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated June 29, 1976, which dismissed the proceeding. Judgment affirmed, with $50 costs and disbursements. Petitioner challenges the legality of a personal services contract between respondent and Dr. Allen Reichman; he claims that the position now held by Dr. Reichman should have been filled by appointment made according to merit and fitness after a competitive examination pursuant to section 6 of article V of the New York Constitution and section 50 of the Civil Service Law. A review of the record reveals no evidence that respondent acted unlawfully in employing Dr. Reichman. Although appointment according to standard civil service procedures is the rule, "neither constitutional mandate nor statutory enactment requires that all services furnished or all labor performed for a governmental agency must be supplied by persons directly employed" (see *Matter of Corwin v Farrell,* 303 NY 61, 66). The use of such personal services contracts (without competitive bidding) is also permitted by section 2206 of the County Government Law of Nassau County (see L 1936, ch 879). In addition, it should be noted that injunctive relief in this case would not be proper because petitioner failed to join Dr. Reichman as a party, which is required by CPLR 7802 (subd [c]). Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

◼ In the Matter of DENIS DILLON, as District Attorney of Nassau County, Respondent, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Nassau County Civil Service Commission which, after a hearing, denied petitioner's request to reclassify certain investigator positions from "competitive" and "noncompetitive" status to "exempt" status, the appeals are from a judgment of the Supreme Court, Nassau County, entered November 24, 1976, which, *inter alia,* (1) annulled the determination of the Nassau County Civil Service Commission and (2) directed that the positions be reclassified, with the proviso that persons occupying such positions at the time of filing of the petition should not be affected. Judgment reversed, on the law, without costs or disbursements, determination reinstated, and proceeding dismissed on the merits. Section 6 of article V of the New York State Constitution provides that "Appointments and promotions in the civil service of the state and all of the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". In a case recently decided by this court, we held that the position of investigator in the Public Defender's office was not an exempt title *(Matter of Paroli v Bolton,* 44 AD2d 557). The fact that a position has some aspect of confidentiality does not mean it will automatically be granted exempt status *(Matter of Ottinger v State Civ. Serv. Comm.,* 240 NY 435). We cannot state that the determination of the Nassau County Civil Service Commission was arbitrary or capricious. To the extent that *Matter of Holcombe v Gusty* (51 AD2d 868) holds to the contrary, we do not find its argument persuasive. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.