OPINION OF THE COURT
Edward J. Greenfield, J.
In this article 78 proceeding, which is in the nature of mandamus, petitioners seek to compel the holding of a civil service examination for the title of senior court officer and related relief.
It is respondent Bartlett’s contention that to compel the holding of such an examination is impracticable because (1) the title of senior court officer may not exist under a Statewide classification plan which must be established pursuant to section 220 (subd 8, par [a]) of the Judiciary Law and (2) the State Civil Service Department has not developed an examination for senior court officer. Both of these contentions are without merit.
Rule 25.26(b) of the rules of the Administrative Board of the Judicial Conference of the State of New York (Administrative Board) provides that: "(b) Time limitation on provisional appointments. No provisional appointment shall continue for *323 a period in excess of nine months. The administrative board shall order a civil service examination for any position held by provisional appointment for a period of one month and see that such an examination is conducted, as soon as practicable thereafter, in order to prevent the provisional appointment from continuing for a period in excess of nine months.” (22 NYCRR 25.26 [b].)
Respondent Bartlett’s contention that it is "impracticable” to hold such an examination is based on a tortuous construction of the word practicable in rule 25.26(b). Wolmart v New York City Civ. Serv. Comm. (Supreme Ct, NY County, July 3, 1975, Hughes, J., affd 56 AD2d 531), relied on by respondent, is inapposite. In Wolmart, in view of the city’s financial crisis, it was contemplated that thousands of city employees would be laid off and the Department of Personnel had to use all its resources to insure to each employee who might be laid off that he was afforded complete protection under the Civil Service Law. To administratively accomplish this, it was necessary to postpone all examinations except one. The essential reason for postponing the examinations was that examining personnel and others were transferred to the retention division. No similar emergency or lack of personnel is alleged by respondent Bartlett.
Respondent Bartlett does not even contend that the title of senior court officer will be abolished under the new classification plan to be adopted or that it probably will not exist, but merely alleges that the title may not exist. Even if the title is abolished, individuals can still be appointed to the title of senior court officer from the eligible list and then be reclassified according to whatever plan is ultimately adopted. (See, e.g., New York City Civil Service Commission Resolution, 73-58 of July 25, 1973, pursuant to which, individuals on eligible lists for obsolete titles at the time of reclassification or who were placed thereon after the effective date would be appointed to the obsolete titles and then reclassified to the new positions.)
The court is confronted with a situation where there has clearly been an undue delay in ordering an examination for the title of senior court officer. Many of the approximately 69 provisional appointees to the title have held their provisional appointments for more than nine months and yet the last examination for the title was given in 1973. In view of the undue delay, mandamus is clearly the appropriate remedy. *324 (Matter of Ackerson, NYLJ, June 27, 1973, p 14, col 1; Batterman v Hoberman, NYLJ, Feb. 7, 1968, p 17, col 6.)
Respondent Bartlett’s additional contention that it is impracticable to hold the requested examination because the State Civil Service Report has not delivered an examination is without merit and appears to be due to actions of the Administrative Board itself. On April 26, 1977, the Office of Court Administration withdrew its previous request for the exam.
Pursuant to its own rules, the Administrative Board is to "utilize the services of the State Civil Service Department” (22 NYCRR 25.3) to conduct, rate and hear appeals on examinations. Thus, complete relief cannot be afforded petitioners unless the department is a party, as it is the governmental agency which prepares and conducts the examination. Respondent Bartlett had moved to dismiss the original petition because the State Department of Civil Service was not a party and an amended petition was served adding the State Civil Service Department. Although, as the department points out, petitioners are not challenging any determination made by the department as noted above, it is a necessary party to this proceeding.
Insofar as petitioners seek to have the requested examination held on or before December 17, 1977, although the court is mindful of the delays occasioned by the Administrative Board’s action, and the fact that there are individuals who have held provisional appointments for two and three years, there has been no showing that it is possible to hold the examination on such a short notice. Although respondent Bartlett admits that an examination has been tentatively scheduled for December 17, 1977, the State Civil Service Department must be given sufficient time to prepare the examination.
Accordingly, the petition is granted to the following extent:
(1) Directing the Administrative Board to immediately order a civil service examination for the civil service title senior court officer and to request the State Civil Service Department to prepare and conduct such an examination as soon as possible.
(2) Directing the Department of Civil Service to prepare and hold such an examination within 60 days of a request by the Administrative Board.
(3) Directing the Administrative Board to establish a list of *325 eligibles for filling vacancies to the title senior court officer within 20 days after the holding of the examination and to forthwith appoint individuals from the list to any vacancies then existing or which become vacant thereafter.