■ In the Matter of JAMES HANNON et al., Respondents, v RICHARD J. BARTLETT, as State Administrative Judge, Appellant, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered December 19, 1977 in New York County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel appellant to hold an examination for the title Senior Court Officer. The appeal was transferred to this court by order of the Appellate Division, First Department. Petitioners hold permanent appointments as Uniformed Court Officers and provisional appointments as

Senior Court Officers, entry level and promotional level titles within the court officer series of the competitive class of the Unified Court System. Subdivision (b) of section 25.26 of the Rules of the Administrative Board (22 NYCRR 25.26 [b]) provides: "No provisional appointment shall continue for a period in excess of nine months. The administrative board shall order a civil service examination for any position held by provisional appointment for a period of one month and see that such an examination is conducted, as soon as practicable thereafter, in order to prevent the provisional appointment from continuing for a period in excess of nine months." As of the date this proceeding was commenced, there were approximately 67 individuals who had provisional appointments as Senior Court Officers, some having so served for more than nine months. The last examination for Senior Court Officer was given October 13, 1973, resulting in an eligibility list established October 27, 1973, which has, for all practical purposes, been depleted. In September, 1973 the Office of Court Administration (OCA) requested that the State Civil Service Department hold an examination for Senior Court Officer and it was scheduled for March 1, 1975. Due to a hiring freeze imposed on the courts in New York City in January, 1975, the test was postponed. In the fall of 1975 OCA asked that its request for a new examination be reactivated and subsequently the Department of Civil Service allegedly informed OCA that it could not validate the examination without conducting further studies to determine whether the proposed examination would comply with Federal laws requiring the use of objective standards on civil service tests. In April, 1977, OCA withdrew its request that the Department of Civil Service hold an examination for the Senior Court Officer title, but by letter dated August 9, 1977, petitioners' counsel was informed by OCA that the test was still scheduled. Thereafter, petitioners were informed that the examination would not be held and they commenced this proceeding. Special Term concluded that OCA had delayed unduly in holding the examination required by its own rules and that there was no justification for the delay. Accordingly, OCA was directed to take appropriate steps to hold the examination for the Senior Court Officer title and to fill any vacancies from the eligibility list established as a result of the examination. This appeal ensued. The question presented on this appeal is whether Special Term erred in ordering OCA to hold the examination and to fill vacancies from the resulting eligibility list. OCA contends that it is required to hold the examination only if it is practicable to do so and that it is impracticable in this case because an examination may be invalid under Federal law and because the Senior Court Officer title may shortly cease to exist. Section 6 of article V of the State Constitution provides that "Appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". This constitutional mandate "may not be blinked or avoided" (*Matter of Board of Educ. v Nyquist,* 31 NY2d 468, 472). In general, the agency responsible for administering the Civil Service Law determines the practicability of a qualifying examination for a particular position (*Matter of Holcombe v Gusty,* 51 AD2d 868; *Matter of Scahill v Drzewucki,* 244 App Div 530). Subdivision 1 of section 212 of the Judiciary Law authorizes the Administrative Board of the Judicial Conference to adopt standards and policies relating to personnel practices, title structure, classifications, appointments, promotions and other related matters consistent with the Civil Service Law, and, therefore, it has the authority to determine the practicability of a competitive examination for the Senior Court Officer title. It seems only

reasonable to conclude that since such an examination has been given in the past, the board has determined that, insofar as the duties of the title are concerned, an examination is practicable. Appellant contends that there are other factors which render the examination impracticable. Petitioners contend that, under its own rule, the board must give an examination where, as here, a provisional appointment has continued for more than one month (22 NYCRR 25.26 [b]). This rule is patterned after subdivision 2 of section 65 of the Civil Service Law under which provisional appointments in excess of nine months have been held to be "wrongful" *(Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432) or "illegal" *(Matter of Giordano v Henry,* 44 AD2d 835), and such appointments "should be terminated as soon as possible". Provisional appointments allowed by section 65 of the Civil Service Law under certain circumstances for a limited period of time are merely "stop-gap" measures (see *Koso v Greene,* 260 NY 491, 495), which may not be used to evade the merit and fitness requirement of section 6 of article V of the State Constitution; nor may an agency use successive provisional appointments to circumvent the civil service laws *(Matter of Riggi v Blessing,* 9 AD2d 423, 424, affd 10 NY2d 917). Based upon the foregoing general principles, it is clear that the requirements of subdivision 2 of section 65 of the Civil Service Law that an examination be ordered for any position held by provisional appointment for a period of one month and that the examination be held as soon as practicable in order to prevent the provisional appointment from continuing for a period in excess of nine months are mandatory and must be complied with. The agency has no discretion to determine whether an examination will be ordered and conducted. However, since the time, place and conditions under which civil service examinations will be held are largely in the discretion of the Civil Service Commission *(Matter of Booker v Reavy,* 281 NY 318), it would seem that the timing of the examination required by subdivision 2 of section 65 of the Civil Service Law is also discretionary. By directing that the examination be held as soon as practicable, the Legislature recognized that there would be instances when it would be impracticable to conduct an immediate examination. By analogy, this rationale also applies to the regulation at issue here. Appellant asserts two grounds for a finding of impracticability in this case. One is that the current State-wide reclassification of court personnel *(Judiciary Law, § 220, subd 8)* may eliminate the Senior Court Officer title. We note first that appellant raises only the possibility of this elimination. We cannot see how the possible termination of a title at a time uncertain justifies the illegal retention of employees in a provisional status. That the violation of petitioners' rights may soon end is no justification for a continuing violation of those rights. Appellant also argues that an exam would be impracticable because the Department of Civil Service has concluded that it cannot distinguish between the duties of Uniformed Court Officers and the duties of Senior Court Officers for testing purposes. The Department of Civil Service is a party to this action and asserted as a defense only that OCA had withdrawn its request for an examination. It is incumbent upon appellant, if the duties of the two competitive classes were indistinguishable, to have taken corrective measures promptly rather than to have permitted the probationary positions to continue for more than two years. We conclude that appellant has not administered an examination as soon as practicable and that Special Term correctly ordered that it do so. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur. [93 Misc 2d 321.]