■ In the Matter of ONONDAGA CHAPTER, LOCAL 834, CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v FREDERICK A. BOBENHAUSEN, as Commissioner of Probation for County of Onondaga, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: This is a CPLR article 78 proceeding brought by Onondaga Chapter, Local 834, Civil Service Employees Association, Inc., and also by Robert J. Obrist, its president, petitioning individually and as an employee of the Onondaga County Department of Probation. Petitioners allege that the appointment of respondent Bobenhausen as Onondaga County Commissioner of Probation is unlawful. They seek an order annulling the appointment and other incidental relief. Respondents are the county and various county officers. By statute all salaried officers of the probation department are in the competitive class of Civil Service (Executive Law, § 257, subd 1). When the prior Onondaga County Director of Probation retired in 1978, the county administration attempted to amend the Onondaga County Administrative Code to reclassify the county director and deputy director of probation as commissioner and deputy commissioner. The amendment also provided that the positions should be filled by appointment of the county executive, subject to approval of the county legislature, and that the appointees served at his pleasure. The move was at least partially motivated by a desire to avoid the "ladder" promotions from within the department mandated by regulations of the State Division of Probation (see 9 NYCRR 347.4 [f]) and to develop independent management personnel within executive positions. To this purpose, respondent county executive wrote the State Division of Probation on February 27, 1978 and requested a waiver of the State probation rules and regulations, specifying the necessary qualifications for director of probation and advising of his intention to change the title and remove the position from the competitive class of civil service. The division temporarily waived the requirements and advised that it would consult with the Civil Service Department which was required to approve any change in the civil service status of the position. In March the county executive appointed respondent Bobenhausen Commissioner of Probation and in April the legislature abolished the director's position, created the commissioner's position, approved the appointment of Bobenhausen, and established his pay grade. This proceeding followed. Special Term dismissed the petition holding that a *quo warranto* proceeding pursuant to section 63-b of the Executive Law was the only appropriate procedure available. Respondent Bobenhausen was employed in the probation department from 1955-1967 and has taught in the field as an Assistant Professor of Syracuse University from 1967 through 1978. He has an impressive record of experience in probation and rehabilitation work. Nevertheless, it is conceded that he does not meet the job qualifications imposed by the Division of Probation regulations because he lacks the required years of supervisory experience with the probation department itself. Petitioners, therefore, contend that his provisional ap-

pointment was illegal and must be annulled and that the court should order an immediate promotional or competitive examination. We hold that petitioners have standing to maintain this proceeding (see *Matter of Burke v Sugarman,* 35 NY2d 39, 45; *Matter of Cash v Bates,* 301 NY 258; *Matter of Andresen v Rice,* 277 NY 271; *Matter of Ruddy v Connelie,* 61 AD2d 372, 374) and that it is properly before us since there is no disputed question of fact going to the legal issues involved (see *Matter of Dykeman v Symonds,* 54 AD2d 159). Turning to the merits, we find nothing in subdivision 1 of section 65 of the Civil Service Law that requires that a provisional appointee be fully qualified for permanent appointment or that he must be eligible to take the civil service test for the position before being provisionally appointed to it. The appointment of respondent Bobenhausen was approved by the State department after a noncompetitive examination, i.e., after a review of his qualifications, and its determination that he was qualified to serve provisionally complied with the statute, his failure to meet existing eligibility requirements for permanent appointment notwithstanding. The appointment is a stopgap occasioned by necessity and the appointee is exempt from civil service requirements and protection (see *Koso v Greene,* 260 NY 491; *Matter of Canava v Keyes,* 62 AD2d 997; *Mierzwa v Genesee County Civ. Serv. Comm.,* 55 AD2d 815). The county executive was not required to appoint a person qualified to take a promotional or open competitive examination (Civil Service Law, §§ 51, 52). Petitioners point out that more than nine months have elapsed since respondent Bobenhausen's appointment and that no test for the position has yet been scheduled as the statute requires (Civil Service Law, § 65, subd 2). Respondents should do so as soon as possible (see *Matter of Hannon v Bartlett,* 63 AD2d 810, 812). (Appeal from judgment of Onondaga Supreme Court—art 78.) Present— Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.