OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff brings this taxpayer action under article 7-A of the State Finance Law and here moves pursuant to subdivision 2 of section 123-e of the State Finance Law to preliminarily enjoin defendants from appointing and paying allegedly illegally designated provisional employees for the position of senior court officer (SCO).
This action devolves from a suit brought in Federal court in 1978 (Underwood v State of New York Off. of Ct. Admin., 78 C 4382, SDNY) which challenged the validity of the last court officer examination held in December, 1977. On October 18,1978, the parties to that suit stipulated that in order to maintain the status quo, the Office of Court *960 Administration (OCA) would make no permanent appointments to the position of uniformed court officer (UCO) from the eligibility list resulting from that examination (see, also, Matter of Hannon v Bartlett, 93 Misc 2d 321, affd 63 AD2d 810). On January 30,1980, the parties entered into a consent decree which, inter alla, provided that OCA would be permanently enjoined from making permanent appointments to UCO titles but could make provisional appointments from the list and that a new examination would be given on or before August 1, 1981.
By the beginning of 1980, there was a pool of 499 provisional court officers and only 82 permanent court officers in New York City from which OCA intended to make provisional appointments to the title of SCO to fill the 33 vacancies which then existed. Upon being notified of the SCO union’s opposition to the plan, OCA agreed to defer until mid-February, 1980 action on provisional appointments. OCA then further deferred any action until mid-June, 1980 because of illness of the SCO’s union president.
Because of the plan of Chief Judge Cooke of the Court of Appeals to run a nearly full complement of trial parts during the summer in order to reduce delays and backlogs within the City of New York, it became imperative that OCA take action to provide these trial parts with an adequate number of SCO’s. Within the City of New York, court officers serve in the Civil, Criminal, Family and Surrogate’s Courts where they are responsible for maintaining order, provide security and perform related clerical functions. They are peace officers and may be authorized to carry firearms. The SCO’s perform the same functions as court officers except that they are assigned to the Supreme Courts. Accordingly, on June 19, 1980,13 provisional court officers were appointed to the SCO title as provisionals. A fourteenth was appointed as a permanent SCO. On July 3, 1980, the remaining 19 positions were filled by appointment of provisional court officers as provisional senior court officers.
Plaintiff contends that the appointment of provisional court officers to the position of SCO is illegal and improper since those appointed do not meet the minimum qualifica *961 tian for permanent appointment which is one year of permanent competitive service as a court officer or an equivalent combination of education and experience.
Plaintiff avers that under subdivision 1 of section 65 of the Civil Service Law,* even when a person is appointed to a competitive civil service position on a provisional basis, he or she must meet the minimum requirements to be qualified (see, also, Rulés of Chief Judge, rule 25.26 [a] [22 NYCRR 25.26 (a)]; NY Const, art V, §6). Moreover, it is asserted that since subdivision 2 of section 65 of the Civil Service Law provides that “No provisional appointment shall continue for a period in excess of nine months” (see, also, 22 NYCRR 25.26 [b]), none of the provisional court officers have the required one year of permanent competitive service in the position of court officer necessary to “qualify” for appointment as SCO.
Plaintiff contends that he has standing as a taxpayer (State Finance Law, § 123-a; Civil Service Law, § 102) and has demonstrated that he, as a taxpayer will suffer irreparable injury by way of the illegal expenditure of State funds if the preliminary injunction is not issued.
Promotions under the Civil Service Law must be by competitive examination and where, as in these circumstances, there is no list of persons from which to make the appointments, stop-gap measures must be taken. OCA asserts that since there was no list of employees available from which to make promotions to the position of SCO, it next canvassed all the permanent court officers to find out which of them would be willing to accept promotion as provisional SCO’s. OCA states it received four or five affirmative responses, but subsequently all of these refused provisional promotion.
*962 . Faced with this problem, OCA broadened its selection criteria to include the 499 persons already serving as court officers, albeit, on a provisional basis. Their experience, it is averred, in the court system handling similar tasks to those performed by senior court officers made them vastly preferrable to the selection of outsiders unfamiliar with the court system. These provisional court officers were then screened and then the best qualified were offered the provisional SCO position.
The appointment of provisional employees is a stop-gap measure whose appointments are “exceptions of necessity to the general rules with respect to the filling of [competitive] positions” (Koso v Greene, 260 NY 491, 495; Matter of Canava v Keyes, 62 AD2d 997; Mierzwa v Genesee County Civ. Serv. Comm., 55 AD2d 815). There is “nothing in subdivision 1 of section 65 of the Civil Service Law that requires that a provisional appointee be fully qualified for permanent appointment or that he must be eligible to take the civil service test for the position before being appointed to it.” (Matter of Onondaga Ch., Local 83k, Civ. Serv. Employees Assn. v Bobenhausen, 69 AD2d 983, 984.) Moreover, under these circumstances, it cannot be alleged that the provisional appointments have or may last in excess of nine months (Civil Service Law, § 65, subd 2; 22 NYCRR 25.26 [b]; see Matter of Hannon v Bartlett, 93 Misc 2d 321, affd 63 AD2d 810, supra) and are being used to evade the merit and fitness requirements set forth in the Civil Service Law.
Thus, it is amply demonstrated that the defendant, when faced with exigent circumstances, met the challenge by appointment of those most qualified in order to ensure the continued efficient running of the Supreme Court in this city. Defendant has acted reasonably and legally and has demonstrated that the equities clearly predominate in his favor (CPLR 6301; Brand v Bartlett, 52 AD2d 272).
Accordingly, the motion for a preliminary injunction is denied.

 “Provisional appointments authorized. Whenever there is no appropriate eligible list available for filling a vacancy in the competitive class, the appointing officer may nominate a person to the state civil service department or municipal commission for non-competitive examination, and if such nominee shall be certified by such department or municipal commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination. Such non-competitive examination may consist of a review and evaluation of the training, experience and other qualifications of the nominee, without written, oral or other performance tests.”