opinion of the court
George A. Murphy, J.
The petitioner, Thomas McGuiness, a permanent senior court officer in Suffolk County and the petitioners, Schubert and Tarantino, provisionally appointed senior court officers, have commenced this proceeding and seek a judgment directing the respondents, Office of Court Administration and Evans, the Administrator of the Unified Court System, to give a competitive examination for the position of senior court officer and to establish forthwith an eligible list for such position.
On September 23, 1978 the last promotional senior court officer examination was held in Suffolk County. The eligible list established from that examination was subsequently exhausted on November 22, 1979 and is no longer viable; Twenty-one individuals have been appointed as temporary senior court officers pursuant to the Rules of the Chief Judge in order to fill vacancies in the Supreme and County Courts left by permanent senior court officers who were provisionally or temporarily *427 filling vacancies in positions such as senior court clerk, assistant court clerk and supervising court officers. In addition, nine other individuals have been provisionally appointed to the position of senior court officer in Suffolk County between April and August of 1980, less than nine months prior to the commencement of this proceeding.
Section 25.25 (subd [a], par [1]) of the Rules of the Chief Judge (22 NYCRR 25.25 [a] [1]) provides, in pertinent part, as follows:
“A temporary appointment may be made for a period not exceeding one month when the need for such service is important and urgent. A temporary appointment may be made for a period exceeding one month under the following circumstances only:
“(1) when an employee is on leave of absence from his position, a temporary appointment to such position may be made for a period not exceeding the authorized duration of such leave of absence as prescribed by statute or rule” (emphasis supplied).
Also of significance is subdivision (b) section 25.26 of the Rules of the Chief Judge. That rule provides: “(b) Time limitation on provisional appointments. No provisional appointment shall continue for a period in excess of nine months. The administrative board shall order a civil service examination for any position held by provisional appointment for a period of one month and see that such an examination is conducted, as soon as practicable thereafter, in order to prevent the provisional appointment from continuing for a period in excess of nine months.” (Emphasis supplied.)
It is the position of the petitioners individually and on behalf of others similarly situated, that the failure of the respondents to give an examination forthwith for the position of senior court officer is arbitrary, capricious and in violation of law.
The appointment of provisional and temporary employees is a stopgap measure and such appointments are exceptions of necessity to the general rules for filling competitive appointments (Koso v Greene, 260 NY 491, *428 495; Matter of Canava v Keyes, 62 AD2d 997; Mierzwa v Genesee County Civ. Serv. Comm., 55 AD2d 815; Matter of Onondaga Ch., Local 834, Civ. Serv. Employees Assn, v Bobenhausen, 69 AD2d 983).
Section 6 of article V of the New York Constitution provides: “Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive”.
The Rules of the Chief Judge cited above were patterned after section 64 and subdivision 2 of section 65 of the Civil Service Law and seek to implement this constitutional mandate of merit and fitness. While provisional and temporary appointments in excess of the period prescribed by the Rules of the Chief Judge are wrongful and should be terminated as soon as possible, it is also settled that a competitive examination can only be given as soon as it is practicable to do so (see Matter of Wolmart v New York City Civ. Serv. Comm., 56 AD2d 531; Matter of Booker v Reaby, 281 NY 318; Matter of Hannon v Bartlett, 63 AD2d 810, 812). In the instant proceeding, while the temporary appointments have not exceeded a one-year period and all of the provisional appointments were less than nine months prior to the commencement of this proceeding, the court notes that the respondents anticipate that the examination for senior court officer will not be given until late summer or early fall and that an additional six- to eight-month period will then be needed to grade the examination and to establish an eligible list. The argument, however, that the preparation of the examination is herculean and complicated cannot be used to circumvent statutory and constitutional requirements. Clearly, an examination must be given as soon as it is practicable to do so. The court is cognizant of the fact that competitive examinations for civil service titles require detailed job analyses for the preparation of the written exam as well as the development in the instant proceeding of physical and medical pre-employment standards. Test announcements must be printed and distribu *429 ted. Applicants must be screened and notified; test sites chosen and examinations printed and published.
The respondents indicate in their opposing papers that at the present time with the assistance of outside consultants the examination for senior court officer is being developed simultaneously with the examination for court officer. It is the court’s view that since the duties for both positions, although obviously not identical, do closely relate, it is logical, practicable and in the public interest to thus develop them. Of particular significance is the fact that with respect to the examination for court officer a consent judgment was entered in the United States District Court of the Southern District in January of 1980. That judgment requires the validation of the court officer examination no later than June 30, 1981 and evidences the complexities inherent in the preparation of the examination to assure compliance with Federal guidelines. Additionally, it should be noted that 40,000 applicants are anticipated for the open competitive examination for senior court officer due to an insufficient pool of promotional candidates in that title. It would, therefore, appear, under the circumstances of this case, that the actions by the respondents in the preparation and implementation of the subject examination have been neither arbitrary, capricious nor in violation of the law (see O’Reilly v Evans, NYLJ, Dec. 15, 1980, p 11, col 6). However, the timetable suggested by the respondents is, at best, tentative. In order to avoid undue delay, procrastination and a circumvention of the constitutional mandate that appointments and promotions be based on merit and fitness to be ascertained as far as practicable by examination, the examination for senior court officer shall take place no later than October 31, 1981.
The respondents are further directed to establish a list of eligibles for filling vacancies to the title of senior court officer within six months after the holding of the examination and to appoint forthwith individuals from the list to fill any vacancies then existing or which become vacant thereafter.
*430 The petition is granted to the extent set forth above and is dismissed in all other respects.
This determination shall not in any way preclude the respondents from terminating the temporary and provisional appointments in the manner prescribed by State law.