■ UNITED-PAGE, INC., Respondent, v. DON REILE, Doing Business as BURN-RITE COAL & SCRAP CO. and Also Doing Business as DONREILE SALVAGE CO., Appellant.— Judgment unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: There are issues of fact which should be resolved upon a trial. (Appeal from judgment of Herkimer Special Term for plaintiff on a motion for summary judgment.) Present— Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ In the Matter of HAROLD A. BADROW et al., Appellants, v. COMMON COUNCIL OF THE CITY OF TONAWANDA et al., Respondents.— Order unanimously reversed, without costs of this appeal to any party, determination annulled, and matter remitted to respondents for further proceedings in accordance with the memorandum. Memorandum: On August 1, 1963 petitioners were served with charges specifying that on certain dates each had refused to accept and obey the orders and directions of their supervisors. After a hearing held on September 10, 1963, petitioners were suspended for 10 days without pay. The penalty was stayed pending review in this article 78 proceeding. A motion to dismiss the petition herein on the ground that it was insufficient as a matter of law was denied by Special Term on April 9, 1964; however, upon reargument on May 26, 1964, the court vacated its prior order and dismissed the petition upon the ground that at the time the charges were filed and the determination was made there was no authority to review since the punishment did not exceed 10 days. (Civil Service Law, § 76, subd. 1; *Matter of Winn* v. *Department of Hosps.*, 20 A D 2d 856.) It appears that, effective April 16, 1964, subdivision 1 of section 76 of the Civil Service Law was amended to authorize a proceeding to review regardless of the penalty imposed. Since we must decide this issue according to existing law (*Rottkamp* v. *Young*, 15 N Y 2d 831; *Black Riv. Regulating Dist.* v. *Adirondack League Club*, 307 N. Y. 475, 486; *Matter of Boardwalk & Seashore Corp.* v. *Murdock*, 286 N. Y. 494) the order dismissing the petition should be reversed. The record does not contain proper findings or a formal written decision to support respondents' determination; consequently we are unable to pass upon the merits of the application at this time. We have repeatedly stated that determinations subject to judicial review must be based on findings which are sufficient to inform the court and parties as to the findings made, the basis of the findings and whether the findings are supportable by the evidence. (*Matter of Di Orio* v. *Murphy*, 20 A D 2d 754; *Matter of Pasch* v. *Gerosa*, 18 A D 2d 982; *Matter of Jackson* v. *Rohan*, 1 A D 2d 89; *Matter of New York Water Serv. Corp.* v. *Water Power & Control Comm.*, 283 N. Y. 23.) (Appeal from order of Erie Supreme Court dismissing a petition for review of determination of City of Tonawanda Common Council pursuant to section 75 of Civil Service Law upon reargument of the motion.) Present— Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ. [43 Misc 2d 64.]

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALLACE G. WRIGHT, JR., Appellant, v. ALBERT SKINNER, as Sheriff of the County of Monroe, Respondent.— Order unanimously modified in accordance with the memorandum, and as modified affirmed. Memorandum: While the court in passing upon the issues before it properly dismissed the writ of habeas corpus, it was in error in ordering delivery of the relator to the duly authorized agent of the State of Ohio in the absence of a showing that sections 835, 836, and 838 of the Code of Criminal Procedure had been complied with. (Appeal from order of Monroe Special Term after a hearing, dismissing a writ of habeas corpus.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.