■ In the Matter of MICHAEL J. GIORDANO et al., Appellants, v. GEORGE HENRY, JR., et al., Constituting the Civil Service Commission of the City of New York, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR (1) to restrain the holding of an announced civil service competitive promotional examination for the position of " General Superintendent (Sanitation) ", scheduled for October 31, 1973, or (2) in the alternative, to declare that petitioners are in an exempt or noncompetitive class in connection with the positions they hold, petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered November 27, 1973, as dismissed the petition. Judgment affirmed insofar as appealed from, without costs. We see no reason to disturb the civil service classification of the position of " General Superintendent (Sanitation) " as competitive, especially in view of the fact that the predecessor titles to this new position have traditionally been in the competitive class. We agree with Special Term that there is a strong public policy in this State (N. Y. Const., art. V, § 6) that appointments and promotions in the civil service of the State shall, as far as practical, be made according to merit and fitness, as ascertained, to the extent possible, by competitive examination. Furthermore, the law is clear that petitioners' provisional appointments, no matter how long, cannot ripen into permanent appointments; and their retention as provisionals, being now illegal, should be terminated as soon as possible (*Koso* v. *Greene,* 260 N. Y. 491; *Matter of McNamara* v. *McCoy,* 36 A D 2d 787; *Matter of Meyer* v. *Hoberman,* 30 A D 2d 938, affd. 24 N Y 2d 830). Hopkins, Acting P. J., Martuscello, Shapiro, Christ, and Brennan, JJ., concur.