■ Mark A. Mierzwa, Appellant, v Genesee County Civil Service Commission et al., Respondents.—Judgment unanimously affirmed, without costs, Simons, J., not participating. Memorandum: In this article 78 proceeding petitioner seeks annulment of respondents' determination that his provisional appointment as a campus security officer be terminated due to his failure to meet certain vision requirements. In addition to seeking reinstatement to his former position in a new capacity as a permanent appointee, petitioner also seeks lost wages for the period in which he was unemployed. We find no merit in petitioner's contention that his provisional appointment as a campus security officer had ripened into a permanent appointment under section 65 of the Civil Service Law, thus precluding his removal from employment. At the time petitioner was provisionally appointed, he was fully aware that his appointment could not ripen into a permanent one until such time as he passed a competitive examination for that position and was found to be eligible (see Civil Service Law, § 65, subd 1; Kosko v Greene, 260 NY 491; Matter of Giordano v Henry, 44 AD2d 835; Matter of McNamara v McCoy, 36 AD2d 787). The first time that petitioner applied to take the examination, his application was disapproved because he failed to meet certain vision requirements. Petitioner nevertheless maintained his job as a provisional appointee due to the fact that the eligible list, composed as a result of the examination, became exhausted and the position remained open (see Civil Service Law, § 65, subd 4). The second time that petitioner applied to take the examination, his application was approved because he omitted information pertinent to the vision requirements. Although he passed the examination the second time and was placed on an eligible list, petitioner failed the physical examination because of visual defects. Thus, it is clear that at no time was petitioner "eligible" for a permanent position as campus security officer as required by subdivision 4 of section 65 of the Civil Service Law. Nor do we find arbitrary or discriminatory the vision standards for permanent appointment to the job of campus security officer which require 20/30 vision in one eye and 20/40 in the other without corrective lenses. It is well settled that an employer has wide discretion in developing hiring standards and related tests (Matter of Sontag v Bronstein, 33 NY2d 197, 201; Matter of Pollak v Conway, 276 App Div 435, mot for lv to app den 301 NY 816) and that "when a hiring standard adversely affects equal employment opportunity for a protected class of persons * * * it is incumbent upon the employer to show that the standard bears a rational relationship to and is a valid predictor of employee job performance" (City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 429; see Matter of Sontag v Bronstein, 33 NY2d 197, 201, supra). The vision requirement set forth is reasonably related to the position for which it applies in that it seeks to deal with those instances where visual incapacity might seriously impede one's ability to cope with certain job situations. The fact that during the time that petitioner served in his position no problem developed does not preclude respondents from maintaining such reasonable standards as a prerequisite for permanent appointment as a campus security officer. Respondents' action in terminating petitioner's employment was well within the authority established by section 65 of the Civil Service Law and was not arbitrary, capricious or in violation of lawful procedure (see Matter of Diocese of Rochester v Planning Bd. of Town of Brighton, 1 NY2d 508, 520; see, also, Matter of Board of Educ. v Allen, 6

NY2d 127, 136). (Appeal from judgment of Genesee Supreme Court—article 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.