■ In the Matter of FLOWER CITY NURSING HOME, INC., Appellant, v JAMES REED, as Director of the Department of Social Services of the County of Monroe, et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: This is an appeal by petitioner, Flower City Nursing Home, Inc., from an order of Supreme Court, Monroe County, dismissing its petition which sought to force respondents, "to hold a hearing to determine the validity of their [respondents'] claim for reimbursement of the alleged [Medicaid] over payments [to petitioner] for the years 1971, 1972 and 1973, and the legality of the method being employed by them to collect such alleged overpayment". The proceeding was commenced by the service of a petition and order to show cause on or about June 20, 1975. Thereafter, an answer was filed on behalf of the respondents, James Reed, Shirley Harvey and Michael Serve. By an order dated July 14, 1975, and upon consent of the parties, respondent Whalen, as Commissioner of the Department of Health of the State of New York, was added as a party to petitioner's action. Thereafter, the petition was dismissed on the grounds that the Statute of Limitations had run. The Department of Health first advised petitioner that its financial records would be audited on June 23, 1972. Thereafter, on June 5, 1973 the department advised petitioner that the audit was complete and that certain claimed expenditures and reimbursements were being disallowed. The department also explained to petitioner that these adjustments were final unless protested within 30 days. Petitioner took no action. On December 26, 1974 the Health Department advised petitioner of revised Medicaid rates for the period affected by the audit findings. On January 27, 1975, the department corrected these revised rates. On March 21, 1975 the Monroe County Department of Social Services, acting only as collecting agent for the State, asked for the return of $64,664.29 representing the expenditures and reimbursements disallowed petitioner on the basis of the 1973 audit findings. This proceeding, in the nature of mandamus (CPLR 7803, subd 1), brought two years after the transaction in question was completed, cannot be sustained. If petitioner was dissatisfied with this audit, it was its duty to request a hearing on the matter within 30 days of completion of the audit. Because petitioner did not avail itself of this procedure, it thereby waived any future right to it. Mandamus is a drastic remedy resting in the court's sound discretion and may only be granted when the right thereto is clear and unequivocal (Matter of Ellsworth, Barrows & Co. v Ward, 255 App Div 91). Since mandamus is an extraordinary remedy the judiciary is loathe to interfere with the executive department of the government in the exercise of its official duties, unless some specific act or thing which the law requires to be done has been omitted (Usen v Sipprell, 41 AD2d 251). It is firmly settled that a petitioner cannot indefinitely postpone the time to seek relief by delaying the demand (Austin v Board of Higher Educ., 5 NY2d 430; Matter of Kleinman v Kaplan, 20 AD2d 594; CPLR 217). Since petitioner chose not to take advantage of the administrative remedy offered in 1973, waiting instead for two years before instituting this proceeding, the right to a hearing was waived and the petition was correctly dismissed (Matter of Perry v Blair, 49 AD2d 309; Matter of Amsterdam City Hosp. v Hoffman, 278 App Div 292). (Appeal from order of Monroe Supreme Court—injunction.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.