■ In the Matter of JAMES E. SMITH et al., Appellants, v DANIEL HOYT, as Commissioner of the Department of Transportation of the City of Buffalo, et al., Respondents.—Judgment unanimously reversed, on the law, with costs, and petition granted in accordance with the following memorandum: On September 25, 1972 appellant Smith was hired as a provisional employee to serve as traffic engineer for the City of Buffalo. He continued as a provisional employee until a competitive civil service examination was held in May, 1974. Appellant took the examination. On September 18, 1974 he was notified that he had passed, that a list had been established and that he was first on that list. He was continued in his job as traffic engineer. In the spring of 1975, after appellant had passed the examination, the city attempted to have appellant's position classified as exempt. On June 6, 1975 the State Department of Civil Service notified the city that it had denied the reclassification and that the department believed that appellant had acquired permanent competitive class status. On July 2 respondent city Civil Service Commission notified the city that since the exempt classification had been denied, appellant should be regarded as a permanent employee. The city commission stated that appellant gained permanent status "as of June 21, 1975 (60 days after the State Commission denied our request to place the position in the Exempt Class)" and the city treated appellant's statutory three-month probationary period as beginning on that date. On September 5, 1975 respondent Hoyt notified appellant that this probationary period was being extended another three months. Finally, on November 26, 1975 the city terminated appellant's employment on the ground that appellant had "not functioned satisfactorily in the position of Traffic Engineer". No specification of charges, hearing, or other dismissal procedure was provided. On December 15, 1975 appellant commenced this article 78 proceeding. After a hearing, the court dismissed the petition, holding that the dismissal was legal because appellant was a probationary employee at the time of the dismissal, that the Statute of Limitations had run on appellant's challenge of the determination of the date that his probationary status began, and that the collective bargaining agreement provided appellant with an administrative remedy that precluded article 78 relief. The city's primary contention is that because appellant was on probation he could be terminated without formal charges or hearing. Subdivision 4 of section 65 of the Civil Service Law provides that when a provisional employee takes the examination and becomes eligible for permanent appointment, continuation of the employee in his position affords him permanent status. Since appellant was a provisional employee when he took the examination and qualified for permanent appointment by passing the examination, he obtained permanent status on September 18, 1974, the day he was notified that he was first on the civil service list. The period of probation required by section 63 of the Civil Service Law began to run on that date when he was continued in the

job after he had become eligible for permanent status (see *Matter of Roulett v Town of Hempstead Civ. Serv. Comm.,* 71 Misc 2d 477, affd 40 AD2d 611; cf. *Matter of Vazquez v New York City Dept. of Social Serv.,* 56 AD2d 432). The minimum probationary period provided in the city's rule 18 is three months and this period expired December 18, 1974. Since the probationary period was not extended before that date, appellant became a permanent employee on December 18, 1974 and was entitled to the protections of section 75 of the Civil Service Law, section 444 of the Buffalo City Charter, and the collective bargaining agreement. He could not be dismissed without resort to these procedures. We find no merit to the city's contention that the collective bargaining agreement provides a remedy for appellant's grievance and, therefore, appellant may not proceed under article 78 until this remedy has been exhausted. The collective bargaining agreement itself allows the appellant to choose between administrative review and article 78 review. Article XVI (§ 3, subd [f]) of the contract provides: "Any person believing himself aggrieved by * * * dismissal * * * may appeal from such determination either by an application to the Buffalo Municipal Civil Service Commission or by an application to the Supreme Court, in accordance with the provisions of Article 78". This language is almost identical to the language of subdivision 1 of section 76 of the Civil Service Law and under subdivision 1 of section 76, the courts have held that the aggrieved party may choose which method of review he wishes to pursue *(Matter of City Council of Watertown v Carbone,* 54 AD2d 461; cf. *Taylor v New York City Tr. Auth.,* 19 NY2d 724; *Matter of Proverb v Niesley,* 32 AD2d 657, affd 26 NY2d 875; *Matter of Badrow v Common Council of City of Tonawanda,* 26 AD2d 611). Since the collective bargaining agreement is permitted to supplement, modify, or replace sections 75 and 76 of the Civil Service Law, the rule applied to subdivision 1 of section 76 should also apply to the similar language of the contract. Finally, the city contends, and the trial court held, that appellant's challenge to the city's determination is barred by the four-month Statute of Limitations in CPLR 217. The city's position is founded upon the contention that under its rules appellant's permanent status began on June 21, 1975, 60 days after the State commission's ruling that the position was not in the exempt class, and that he had notice of this date on July 8. However, the city's letter to that effect indicates that appellant's position was not classified as exempt and that appellant had acquired permanent status, determinations favorable, not adverse to appellant. The determination that June 21, 1975 was appellant's starting date as a permanent employee is an incidental matter and appellant could not have known that he would be prejudiced by it. Indeed, it seems unlikely that appellant could have shown himself to be aggrieved at that point in order to obtain article 78 review under subdivision 1 of section 76 or the contract. The first indication to appellant that this determination might lead to trouble was the September 5, 1975 memorandum informing him that his probation was being extended. Appellant commenced this proceeding timely within four months of September 5, 1975. (Appeal from judgment of Erie Supreme Court —article 78.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.