■ MARY K. DAVEY, Appellant, v DEPARTMENT OF CIVIL SERVICE et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner Mary Davey, claiming entitlement to a permanent appointment as a supervising hearing officer in the State Department of Social Services, instituted an article 78 proceeding in which she sought to be declared eligible for appointment to such position and further sought the removal of Mario Gambacorta who now holds such position on a provisional basis. She contends that the provisional appointment of Gambacorta in April, 1972 was invalid; that his continuation in that position is illegal and improper; and that, as a result of her permanent status as a hearing officer, her tenure in that position, and her provisional appointment to the position of supervising hearing officer, she is entitled to that position on a permanent basis. Special Term dismissed her petition, found the provisional appointment of Gambacorta within the commissioner's authority, and ordered the Department of Civil Service to conduct a competitive examination as soon as possible in order to prepare a list of certified eligibles from which a permanent appointment can be made. Petitioner appeals from that order. Even if there were merit to the petitioner's position, and we find there is not, this proceeding pursuant to article 78 is time-barred. (CPLR 217.) Whether the determination sought to be reviewed is the provisional appointment of Mario Gambacorta (April 10, 1972) or the transfer of petitioner from her provisional supervisory capacity back to the position of permanent hearing officer (March 14, 1974), petitioner's action was not instituted until September 30, 1974, thus falling well beyond the statutory four-month period. Petitioner does not challenge the actions of respondents on constitutional grounds (cf. *Matter of Grossman v Rankin,* 43 NY2d 493; *Matter of Cash v Bates,* 301 NY 258) but characterizes the action as one in the nature of mandamus to review a continuing illegality, namely the continuation of Gambacorta's provisional appointment. Inasmuch as she has failed to make the prerequisite demand and to receive a refusal from respondent, she is precluded from instituting a mandamus proceeding. (*Austin v Board of Higher Educ.,* 5 NY2d 430, 442; *Matter of Flower City Nursing Home v Reed,* 55 AD2d 826; *Matter of Gargiul v Board of Educ.,* 54 AD2d 1085, mot for lv to app den 41 NY2d 802.) Even if petitioner were not precluded from bringing this action, her position is lacking in merit. The record amply supports the determination at Special Term that, at the time of Gambacor-

ta's provisional appointment, there was no list of certified eligibles following a competitive examination and no field of eligible candidates from which a promotion could be made. A provisional appointment without a competitive examination was within the authority of the commissioner. (Civil Service Law, § 65.) Nor is there merit to petitioner's position that her provisional appointment ripened into a permanent appointment. (See *Mierzwa v Genesee County Civ. Serv. Comm.,* 55 AD2d 815.) Subdivision 4 of section 65 of the Civil Service Law permits a provisional appointment to ripen into a permanent appointment only in cases where the provisional appointee was reachable on an eligible list but not appointed to a permanent position, such as in a case where the list is inadequate. *(Matter of Smith v Hoyt,* 59 AD2d 1058; *Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432; *Sanders v Kramarsky,* 85 Misc 2d 954.) Respondents' disregard for the nine-month limitation on noncompetitive provisional appointments under section 65 has apparently been remedied by Special Term's directive to hold a competitive examination as soon as possible. That examination has been delayed too long however, and the process of certifying an eligible list should go forward promptly. Inasmuch as petitioner did not see fit to take that examination, she will not be eligible for appointment. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.