■ In the Matter of the COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Petitioners, v STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated February 15, 1978, which reversed a determination of the State Division of Human Rights, dated October 18, 1974, dismissing the complaint of Mary K. Davey on the ground that there was no probable cause to believe that an unlawful discriminatory practice had been engaged in by the State Department of Social Services. On March 12, 1974, complain-

ant, Mary K. Davey, a hearing officer employed by the New York State Department of Social Services, filed a complaint with the Division of Human Rights charging the Department of Civil Service and the Department of Social Services of the State of New York with discriminatory practices in her employment on the basis of sex. An amended complaint alleging further acts of discrimination was filed on March 25, 1974. After three adjournments requested by the petitioners, the Division of Human Rights conducted an investigatory confrontation conference on June 7, 1974 at which the complainant appeared with counsel. On October 2, 1974, complainant commenced an article 78 proceeding against the petitioners. Said proceeding sought an order to cease and desist all alleged discriminatory employment actions against complainant by the petitioners. The proceeding also sought mandamus relief to require that a public hearing be conducted by the State Division of Human Rights on the issue of discrimination or, in the alternative, to permit the complainant to seek such relief in court. On October 18, 1974, the State Division of Human Rights made a final determination dismissing the complaint of the complainant, as amended, by finding that there was no probable cause to support the allegations in said complaint. On October 24, 1974, complainant filed an appeal with the respondent, State Human Rights Appeal Board. Also, on October 24, 1974, complainant filed a memorandum pursuant to the article 78 proceeding commenced on October 2, 1974 in Supreme Court, County of Erie, challenging the investigation conducted by the Division of Human Rights and requesting a hearing before the division. On November 12, 1974, the article 78 proceeding commenced by complainant was dismissed as being moot with the appropriate remedy being an appeal to the respondent, State Human Rights Appeal Board. Complainant appealed this decision to the Appellate Division, Fourth Department. The order of the Supreme Court of November 12, 1974 was amended by Justice Roger T. Cook on February 25, 1975 granting the adjudication of specific claims involving the Civil Service Law, and ordering a new hearing of the proceeding. Such claims concerned the legality of the apportionment of the provisional Supervising Hearing Officer for the Buffalo region. Complainant claimed that she, and not the male holding the post, should have been appointed to that position. On February 24, 1975, complainant had filed an application with the respondent, Human Rights Appeal Board, to reopen the proceeding before that body. The application was denied by the division on May 7, 1975. The appeal to the Human Rights Appeal Board, which had been filed on October 24, 1974, was not heard by the board until January 22, 1976. A decision by the board was rendered on May 12, 1976 dismissing the appeal on the ground that it had been divested of its statutory jurisdiction because complainant's act of filing a proceeding in Supreme Court on the same day an appeal to the board was filed resulted in an election of forums. The board held that such election, pursuant to article 15 of the Executive Law, placed the exclusive jurisdiction to consider the merits of complainant's claim with the Supreme Court. On June 11, 1976, complainant filed a notice of motion and a petition to the Appellate Division, Fourth Department, to review the order of the respondent, Human Rights Appeal Board, which had dismissed her complaint. On April 7, 1977, the Appellate Division, Fourth Department, ruled that the board had not been divested of its jurisdiction since complainant had filed her complaint with the Division of Human Rights before she initiated the article 78 proceeding, and remanded the matter to the board for a determination on the merits (State Div. of Human Rights v Commissioner of N. Y. State Dept. of Civ. Serv., 57 AD2d 699). On June 22, 1977, a hearing was conducted

before the respondent, Human Rights Appeal Board, at which the complainant and the petitioners were represented by counsel. On January 20, 1978, the Appellate Division, Fourth Department [60 AD2d 998], unanimously affirmed the dismissal of the petition of complainant which had been brought in Supreme Court on April 11, 1975 wherein she claimed that she was illegally denied a position with the Department of Social Services because of alleged violation of the Civil Service Law, and that a male had been holding the position in violation of the Civil Service Law. Complainant sought a declaration that she was eligible for the position and entitled to it. The Appellate Division, Fourth Department, found that the proceeding, pursuant to CPLR article 78 was time-barred. The court further stated as follows: "Even if petitioner were not precluded from bringing this action, her position is lacking in merit. The record amply supports the determination at Special Term that, at the time of Gambacorta's provisional appointment, there was no list of certified eligibles following a competitive examination and no field of eligible candidates from which a promotion could be made. A provisional appointment without a competitive examination was within the authority of the commissioner. (Civil Service Law, § 65.) Nor is there merit to petitioner's position that her provisional appointment ripened into a permanent appointment. (See *Mierzwa v Genesee County Civ. Serv. Comm.,* 55 AD2d 815). Subdivision 4 of section 65 of the Civil Service Law permits a provisional appointment to ripen into a permanent appointment only in cases where the provisional appointee was reachable on an eligible list but not appointed to a permanent position, such as in a case where the list is inadequate. *(Matter of Smith of Hoyt,* 59 AD2d 1058; *Matter of Vazquez v New York City Dept. of Social Servs.,* 56 AD2d 432, *Sanders v Kramarsky,* 85 Misc 2d 954.)" *(Davey v Department of Civ. Serv.,* 60 AD2d 998.) On February 15, 1978, the Human Rights Appeal Board issued a decision and order reversing the finding of no probable cause made by the Division of Human Rights on October 18, 1974. The February 15, 1978 order was served on the petitioners on February 22, 1978. A timely motion to reopen was made by the petitioner, Department of Civil Service, and the petitioners, Department of Social Services and Assistant Commissioner Carmen Shang, similarly served a notice to reopen on the respondent, Human Rights Appeal Board, on March 10, 1978. Petitioners' first contention is that the Human Rights Appeal Board was in error in finding that the decision of the Division of Human Rights which dismissed the complaint for lack of probable cause was arbitrary, capricious and an abuse of discretion. The major item in dispute was complainant's fourth allegation in her complaint which more specifically concerned an allegation that the Department of Social Services had refused to grant complainant the position of Supervising Hearing Officer in the Buffalo office while a male with lesser qualifications than complainant served in that position. The question of the legality of said incumbent's holding the position under Civil Service Law was not resolved at the Division of Human Rights conference held on June 7, 1974. Section 296 (subd 1, par [a]) of the Executive Law defines an unlawful discriminatory practice as one where an employer discriminates against an individual in terms, conditions or privileges of employment on the basis of sex. Complainant's allegation of discrimination does not begin or end with a determination of whether the incumbent legally held his position under Civil Service Law. Her allegation that he held the position illegally to her exclusion on the basis of sex raises enough suspicion of discrimination under the Human Rights Law that it was an abuse of discretion for the division to make a finding of no probable cause. Probable cause "exists only

where there is a reasonable ground for *suspicion* founded on 'facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated' ". *(Board of Educ. v State Div. of Human Rights,* 68 Misc 2d 1035, 1037-1038.) " 'Discrimination today is rarely so obvious, or its practices so overt that recognition of the fact is instant and conclusive' " *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 427). Under the facts and circumstances of complainant's assertion that an unlawful discriminatory practice had been engaged in by the State Department of Social Services affecting complainant's rights, the Human Rights Appeal Board's finding is supported by the record and complainant is entitled to a full hearing on her complaint before the Division of Human Rights. Petitioners' second contention is that the Human Rights Appeal Board failed to comply with subdivision 1 of section 307 of the State Administrative Procedure Act by failing to state findings of fact or reasons for its findings. In the board's order reversing the determination and order of the State Division of Human Rights, it is stated that: "there is probable cause to believe that the respondents have engaged in the unlawful discriminatory practice complained of" and the proceeding was remanded to the State Division of Human Rights for further proceedings pursuant to the Human Rights Law. In the board's decision dated February 15, 1978 which accompanied the order, it is stated that: "As to the instant charge of unlawful sex discrimination, there is substantial credible evidence in the record to warrant a finding that appellant was denied equal terms, conditions and privileges of employment for no reason other than her sex and for the Division to dismiss under such circumstances was arbitrary and capricious." The board's decision does comply with subdivision 1 of section 307 of the State Administration Procedure Act. It is a written decision, and does include the factual knowledge that the division abused its discretion based upon the evidence in the record. The stated review of the record furnished the rational basis for the board's decision. Petitioners' next contention is that the decision of the Appellate Division, Fourth Department, dismissing complainant's cause of action under the Civil Service Law is *res judicata,* or a collateral estoppel bar to a decision by the Human Rights Appeal Board on the discrimination complaint. However, the decision of the Fourth Department was based on its finding that the proceeding before it pursuant to CPLR article 78 was time-barred. The court did state that it found that there was no merit to the petitioners' position. Its decision, however, was not upon the merits. The court's statement relative to the merits was merely gratuitous. In addition, the Fourth Department did not deal with the Human Rights Law, and its decision cannot be said to bar, even in part, a finding of probable cause under the Human Rights Law *(Davey v Department of Civ. Serv.,* 60 AD2d 998, *supra).* Petitioners' final contention is that the delays in processing the complaint on the part of the State Human Rights Appeal Board necessitates a reversal of the board's remand to the Division of Human Rights and the dismissal of the complaint. Petitioners contend that the delays are inexcusable and prejudicial. The time periods in section 297 of the Executive Law are directory rather than mandatory *(Matter of 121-129 Broadway Realty v New York State Div. of Human Rights,* 43 AD2d 754), and that "Absent some showing of substantial prejudice, noncompliance with such schedules does not operate to oust the division of the jurisdiction conferred on it by the Human Rights Law" *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 381). Complainant has not yet had her formal hearing. It is necessary here to examine whether the

delays are explainable, and whether petitioners have been prejudiced as a matter of law. A review of the record indicates that petitioners' case in opposition to the original discrmination case is documented with sworn affidavits taken soon after the complaint was filed. Petitioners' contention of prejudice through delay is unpersuasive. In addition, complainant should not be denied a hearing on petitioners' dubious claim of prejudice. In view of the numerous proceedings and actions, complainant cannot be charged with total delay, and the Human Rights Appeal Board and the Division of Human Rights should not be divested of their authority under article 15 of the Executive Law. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Staley, Jr., and Main, JJ., concur; Herlihy, J., concurs in the result only.