OPINION OF THE COURT
Dominick J. Vise ardí, J.
The petitioner seeks a judgment declaring that the discharge of the petitioner was arbitrary and capricious and reinstating the petitioner to his former position with permanent status.
The petitioner was appointed assistant building inspector by the Town of Niskayuna on February 7, 1980 as a provisional employee. An examination for the position was conducted on June 21, 1980. The petitioner avers that he was one of two persons who passed the exam. On December 2, 1980 the petitioner was designated a probationer by town board Resolution No. 307 and he assumed that status December 3, 1980. At the time of this appointment he was not a resident of the Town of Niskayuna as required to hold this position. During the period of probation, the petitioner, in the opinion of this court, established residence in *786 Niskayuna by moving into and living in his uncle’s home and by changing his voting registration, automobile registration and driver’s license. However, the supervisor on June 2, 1981, the last day of petitioner’s probation, terminated his employment at 10:00 p.m. on the basis that the petitioner was not a resident of the Town of Niskayuna. Her action was ratified by the town board on June 9,1981.
The petitioner contends that the supervisor did not have the authority to terminate his position without specific authority from the town board. Absent such authority, he would have completed his probationary term and would have permanent status on June 3, 1981. The town maintains that the ratification of the supervisor’s action by the town board made the termination effective when made. The town also contends that since the petitioner was not a resident at the time of the appointment, the appointment was a nullity and petitioner was not on probationary status.
Subdivision 1 of section 3 of the Public Officers Law requires that in order for a person to hold a local office that person must be “a resident of the political subdivision or municipal corporation of the state for which he shall be chosen”. It has been held that a building inspector is a local officer (Haller v Carlson, 42 AD2d 829). Section 138 of the Town Law provides in part that a deputy building inspector and assistant building inspectors “shall have the same right to enter and inspect any building and perform other necessary acts as hereinbefore conferred upon the building inspector.” The possession of the same powers as the building inspector by the assistant building inspector leads to the conclusion that the assistant building inspector is also a public officer (see 24 Opns St Comp, 1968, p 347). As a public or town officer, the person at the time of his appointment shall be an elector of the town (Town Law, §23). Since the petitioner, by his own admission, was not a resident of or elector in the Town of Niskayuna on December 2,1980, the date of his appointment, the Town Board of Niskayuna acted improperly in appointing him to probationary status.
Assuming, arguendo, that the position of assistant building inspector is not a public officer, the town board was still *787 prohibited from granting the petitioner probationary status. An appointment to the competitive class “shall be made by the selection of a person on the most nearly appropriate eligible list who is willing to accept such appointment and whose final rating in the examination is equal to or higher than the rating of the third highest ranking eligible on the list indicating willingness to accept such appointment” (Rules for the Classified Civil Service of Schenectady County, rule XII, subd 5; see Civil Service Law, §61, subd 1). Since the eligible list for the position contained only two names, it was not an appropriate list and an appointment to a competitive item as a probationary employee could not be made. Whenever there is no appropriate eligible list available, the appointing authority can make a provisional appointment (Civil Service Law, §65). Thus, the appointment of the petitioner, herein, on December 2, 1981 was no more than a provisional appointment.
The question then arises as to whether a provisional appointment ripens into a permanent appointment. The law is clear that a provisional appointment cannot ripen into a permanent appointment until the person has passed an examination and his appointment is made in conformance with the civil service laws. (Koso v Greene, 260 NY 491; Giordano v Henry, 44 AD2d 835.) Subdivision 4 of section 65 of the Civil Service Law, however, provides that if a position held by a provisional appointment remains unfilled by permanent appointment because of an inadequate list, a successive provisional appointment may be made. If a current or former provisional appointee is appointed, such “appointee who becomes eligible for permanent appointment *** shall, if he is then to be continued in or appointed to any such position be afforded permanent appointment to such position” (Civil Service Law, §65, subd 4). Therefore, in this situation a provisional appointment can ripen into a permanent one by operation of law (Matter of Roulett v Town of Hempstead Civ. Serv. Comr., 71 Misc 2d 477, affd 40 AD2d 611).
In the matter before this court, the petitioner was a provisional who had passed an examination and was reachable for permanent appointment. Therefore, the Town of *788 Niskayuna was required to give the petitioner a permanent appointment or appoint someone else on a permanent or provisional basis (see 2 McKinney’s Session Laws of NY, 1969, pp 2455-2456). However, the petitioner was not a resident of the town at that time and could not hold the permanent position. However, once he established his residence in the Town of Niskayuna and was continued in the position of assistant building inspector, the question then becomes, does the petitioner attain the position of a permanent appointment by operation of law? We believe that he does.
On May 28, 1981 the petitioner notified the town board by letter that he had become a town resident and stated an address which he declared to be his legal residence. Thus, the bar from a permanent position due to nonresidency was removed. At that time, he became a permanent appointment on probationary status since he met all of the requirements for the position and was continued in that position while the list of eligibles was inadequate (cf. La Sota v Green, 74 AD2d 572). Therefore, the petitioner was no longer a provisional employee who may be removed at will (Riggi v Blessing, 9 AD2d 423, affd 10 NY2d 917).
A probationary employee may be terminated at any time if his conduct or performance is not satisfactory without charges, hearing or reasons stated (Wilborn v Starr, 58 AD2d 785). However, the decision to dismiss must not be arbitrary or capricious (Matter of Howard v Kross, 24 Misc 2d 973). The dismissal of the petitioner by the Supervisor of the Town of Niskayuna and subsequent ratification by the town board was not due to unsatisfactory conduct or performance but due to residency. Since, we have determined that the petitioner was a resident of the Town of Niskayuna prior to the time of his dismissal, the termination is ineffective and the petitioner is to be reinstated to his former position as assistant building inspector with back pay and with his probationary period commencing May 28, 1981.