■ In the Matter of MARY K. DAVEY, Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents. — Kane, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated March 28, 1984, which partially dismissed petitioner's complaints of unlawful discriminatory practices based on sex and retaliation.

After taking a competitive civil service examination for the position of hearing officer in 1969, petitioner was appointed as a temporary hearing officer with respondent State Department of Social Services (DSS) in June 1970 at its Albany office. In September 1971, she was appointed a permanent hearing officer and, in October 1972, she was appointed to the position of provisional supervising hearing officer. In the fall of 1973, petitioner was granted a requested transfer to Buffalo even though she had been advised that, because Mario Gambacorta was already a supervising hearing officer in the Buffalo office, she would be performing at a reduced grade and function as a hearing officer.

In March 1974, following petitioner's relocation to Buffalo, she filed a complaint dated March 25, 1974 with the State Division of Human Rights charging respondents DSS and the State Department of Civil Service (DCS) with unlawful discriminatory employment practices because of her sex. The complaint alleged, *inter alia,* that her superiors had discriminatorily revoked her authority to perform the duties of a supervising hearing officer.

At the same time that petitioner filed the complaint with the Division, she also began a CPLR article 78 proceeding seeking an order declaring DSS' appointment and continuing employment of Gambacorta as Buffalo provisional supervising hearing officer unlawful and improper, and a declaration that petitioner was eligible to be appointed to that position. Special Term dismissed the petition and the Appellate Division, Fourth Department, affirmed, finding petitioner's proceeding time barred (*Davey v Department of Civ. Serv.,* 60 AD2d 998). The Appellate

Division also noted that, even if petitioner were not barred, her action lacked merit since Gambacorta's appointment was proper, petitioner's provisional appointment had not ripened into a permanent appointment, and petitioner was ineligible for appointment since she failed to take the examination which had been ordered (*supra,* at 998-999).

Although petitioner's job grade and functions were reduced upon her relocation to Buffalo, she continued to receive the supervisory hearing officer salary until February 2, 1977, when she was officially returned to the position of permanent hearing officer. Upon the advice of the Attorney-General's office, DSS had postponed the official termination of petitioner's provisional appointment as supervising hearing officer to insure freedom from accusation of retaliation after petitioner had filed her complaint with the Division and began the article 78 proceeding.

Petitioner filed additional complaints of discrimination and retaliation with the Division in October and November 1978 and in May 1980. Petitioner thereafter filed two further complaints in November 1980. Relative to the 1974, 1978 and May 1980 complaints, the Division issued a consolidated notice of hearing (*see, Matter of Commissioner of N. Y. State Dept. of Civ. Serv. v State Human Rights Appeal Bd.,* 64 AD2d 999). Hearings were held in the case on 14 days, beginning in September 1980 and ending in November 1982.

In April 1980, petitioner received a notice of discipline from DSS which proposed to discharge her for refusing to conduct administrative hearings in New York City earlier that month. In connection with petitioner's refusal, the record indicates that a hearing officer, Kenneth Keith, who was performing supervisory administrative duties relative to hearing assignments, told petitioner to "stop acting like a bitch".

Based on the report of the administrative law judge after the hearing, the Division's Commissioner found that, with one exception, respondents did not discriminate against petitioner because of her sex nor engage in retaliation for her filing of complaints. The Commissioner found that petitioner was unlawfully subjected to the discriminatory conduct of Keith since petitioner had the right to perform her employment duties in an environment free from injection by personnel of gratuitous sexual references. With respect to the complaints filed in November 1980, the Commissioner dismissed same for administrative convenience.

In light of his findings, the Commissioner ordered that DSS transmit a memorandum to all of its supervisory and adminis-

trative personnel instructing them about its policy of nondiscrimination on the basis of sex in the treatment of its employees, and that such personnel are required to implement that policy. Moreover, it directed that DSS not retaliate against petitioner for having brought the human rights proceedings and that it make available to the Division information and documents whereby it could ascertain that DSS was complying with the order. This proceeding by petitioner to review that determination ensued.

Petitioner's central argument is that the Commissioner's decision is not supported by the evidence. In this regard, we note that when faced with conflicting evidence, as it was here, on a claim of employment discrimination and justifications for the employer's action, the Division enjoys wide latitude (*Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379, 384). The sole question for this court's resolution is whether there is substantial evidence in the record to support the determination under review (*supra,* at 384-385; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). After conducting a careful review of the record, we conclude that the Division's determination was supported by substantial evidence.

Petitioner also contends that the Commissioner erred in failing to award her compensatory damages for the emotional distress and humiliation she suffered when her DSS supervisor told her to "stop acting like a bitch". As petitioner observes, the Court of Appeals has held that damage awards are appropriate (*see, Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72; *Batavia Lodge No. 196 v New York State Div. of Human Rights,* 35 NY2d 143). However, in those same cases, the court noted that the Commissioner has broad powers to adopt measures which he reasonably deems necessary to redress the injury (*Matter of Imperial Diner v State Human Rights Appeal Bd., supra,* p 79; *Batavia Lodge No. 196 v New York State Div. of Human Rights, supra,* p 146; *see also,* Executive Law § 297 [4] [c]). In the present case, the Commissioner ordered DSS to take affirmative action in advising its personnel about and implementing the State's policy of nondiscrimination due to sex. In our opinion, the Commissioner did not abuse his discretion by issuing the above order and by not awarding petitioner monetary damages (*see, Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 55), especially given his finding that the sexually discriminatory utterance was prompted by petitioner's refusal to comply with her superior's directive.

Petitioner next contends that the Commissioner erred in considering as res judicata two Supreme Court decisions (*see,*

*Matter of Commissioner of N. Y. State Dept. of Civ. Serv. v State Human Rights Appeal Bd.,* 64 AD2d 999, *supra; Davey v Department of Civ. Serv.,* 60 AD2d 998, *supra*). A reading of the Commissioner's decision belies this assertion.

The Commissioner's finding No. 15 reveals that he was aware of this court's and the Fourth Department's decisions and that the Commissioner found that these decisions "bind the parties with respect to the issue of the Gambacorta's appointment's propriety *as a matter of civil service law*" (emphasis supplied). Rather than considering these decisions to be res judicata on the issues presented here, the Commissioner instead specifically viewed the "credible evidence adduced on the record" as failing to support an inference of gender-based discrimination with respect to the pertinent charges (finding No. 15; *see also,* finding No. 19).

We have examined petitioner's remaining contentions and find them to be without merit. The determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.