■ In the Matter of RONALD SEELEY, Respondent, v TOWN OF ELLICOTTVILLE, Appellant.—Judgment unanimously affirmed without costs. Memorandum: Petitioner, the building inspector and code enforcement officer for the Town of Ellicottville since 1979, was advised on April 11, 1983 by the Cattaraugus County Civil Service Commission that his position of building inspector had been classified to the competitive class. A competitive civil service examination for the position was taken by petitioner on June 18, 1983 and on September 23, 1983, petitioner was notified that he had passed the examination, placing second on the eligible list. He was thereafter continued in his employment by the Town of Ellicottville until his discharge on March 27, 1985 by the Town Board without a hearing.

Petitioner commenced a CPLR article 78 proceeding seeking to set aside and annul the determination of the Town Board dismissing him. Special Term granted the petition and reinstated petitioner to his position.

Special Term correctly held that petitioner was entitled to a hearing on stated charges before he could be discharged because he held his position by permanent appointment in the competitive class of the classified civil service (see, Civil Service Law § 75 [1] [a]). Petitioner held the title of building inspector when he passed the examination and qualified for permanent appointment. Thereafter, in January 1984, he was reappointed by the Town Board and thus by operation of law acquired permanent status (see, Matter of Smith v Hoyt, 59 AD2d 1058; Matter of Winkler v Moore, 110 Misc 2d 785, 787). (Appeal from judgment of Supreme Court, Cattaraugus County, Horey, J.—art 78.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.